

**RECEIVED**

OCT - 1 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Rahul Agarwal and Robert L. Frazer*
*Assistant United States Attorneys*

RA/RLF/PL AGR
2013R01003

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973)297-4395*
*Facsimile: (973) 297-2006*

July 8, 2014

Jason F. Orlando, Esq.
Murphy Orlando LLC
30 Montgomery Street, 15th Floor
Jersey City, NJ 07302

CR14-579(MLC)

Re: Plea Agreement with Stephon Solomon

Dear Mr. Orlando:

This letter sets forth the plea agreement between your client, Stephon Solomon, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on July 24, 2014. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Stephon Solomon to an information, which charges him with conspiracy to commit extortion under color of official right affecting interstate commerce, in violation of 18 U.S.C. § 1951(a). If Stephon Solomon enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Stephon Solomon for conspiring with others to accept payments in exchange for Stephon Solomon's use of his official position at the Essex County Correctional Facility to smuggle contraband, including cellular telephones and marijuana, into the correctional facility from in or about 2011 to in or about May 2014. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Stephon Solomon agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Stephon Solomon may be commenced against him, notwithstanding the expiration of the limitations period after Stephon Solomon signs the agreement.

SLS

<u>Sentencing</u>

The violation of 18 U.S.C. § 1951(a) to which Stephon Solomon agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Stephon Solomon is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Stephon Solomon ultimately will receive.

Further, in addition to imposing any other penalty on Stephon Solomon, the sentencing judge: (1) will order Stephon Solomon to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Stephon Solomon to pay restitution pursuant to 18 U.S.C. § 3663 <u>et seq.</u>; and (3) pursuant to 18 U.S.C. § 3583, may require Stephon Solomon to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Stephon Solomon be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Stephon Solomon may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Stephon Solomon by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Stephon Solomon's activities and relevant conduct with respect to this case.

S LS

<u>Stipulations</u>

This Office and Stephon Solomon agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Stephon Solomon from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Stephon Solomon waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Forfeiture</u>

Stephon Solomon agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Stephon Solomon will consent to the entry of a forfeiture money judgment in the amount of $4,000 in United States currency (the "Forfeiture Money Judgment"). Stephon Solomon acknowledges that the $4,000 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1951(a), which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Stephon Solomon shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Stephon Solomon enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid

3

SLS

portion thereof at the judgment rate of interest from that date. Furthermore, if Stephon Solomon fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Stephon Solomon consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Stephon Solomon agrees to consent to the entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Stephon Solomon understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Stephon Solomon hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

Stephon Solomon understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Stephon Solomon understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Stephon Solomon wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Stephon Solomon understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Stephon Solomon waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Stephon Solomon. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Stephon Solomon.

4

$SLS$

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between Stephon Solomon and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                    Very truly yours,

                                    PAUL J. FISHMAN
                                    United States Attorney

By:    Rahul Agarwal
         Robert L. Frazer
         Assistant U.S. Attorneys

APPROVED:

James B. Nobile
Chief, Special Prosecutions Division

5

SLS

        I have received this letter from my attorney, Jason Orlando, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:  7-17-14
Stephon Solomon

        . I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:  7/17/14
Jason Orlando, Esq.
Counsel for Stephon Solomon

6

Plea Agreement With STEPHON SOLOMON

Schedule A

1.      This Office and Stephon Solomon recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Stephon Solomon nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2C1.1. Because Stephon Solomon was a public official, this guideline carries a base offense level of 14, pursuant to U.S.S.G. § 2C1.1(a)(1).

4.      Specific Offense Characteristic 2C1.1(b)(1) applies because the offense involved more than one extortion/bribe. This results in an increase of 2 levels. U.S.S.G. § 2C1.1(b)(1).

5.      Specific Offense Characteristic 2C1.1(b)(3) applies because the offense involved a public official in a sensitive position. This results in an increase of 4 levels. U.S.S.G. § 2C1.1(b)(3).

6.      As of the date of this letter, Stephon Solomon has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Stephon Solomon's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7.      As of the date of this letter, Stephon Solomon has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Stephon Solomon's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Stephon Solomon enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Stephon Solomon's acceptance of responsibility has continued through the date of sentencing and Stephon Solomon therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Stephon Solomon's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to Stephon Solomon is 17 (the "agreed total Guidelines offense level").

9.    The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Stephon Solomon reserves his right to move for a downward variance based upon the factors set forth at 18 U.S.C. § 3553(a). This Office reserves the right to oppose such a motion.

10.    Stephon Solomon knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

8

SLS